# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKAR NAGIYEV,<br><br>                          Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>                          Respondents. | Case No.:  25-CV-3744 JLS (MMP)<br><br>**ORDER GRANTING AMENDED PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 5) |

Presently before the Court is Askar Nagiyev's Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Pet.," ECF No. 5).  Also before the Court is Respondents Jesus Rocha's (Acting Field Office Director, San Diego Field Office) and Christopher LaRose's (Warden of Otay Mesa Detention Center) (collectively, "Respondents") Return to Petition for Writ of Habeas Corpus ("Ret.," ECF No. 11) and Petitioner's Traverse (ECF No. 12).  For the reasons set forth below, the Court **GRANTS** the Amended Petition for a Writ of Habeas Corpus.

/ / /

/ / /

/ / /

/ / /

1

25-CV-3744 JLS (MMP)

## BACKGROUND

Petitioner, a citizen of Kazakhstan, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since January 12, 2025, when he entered the United States. Pet. at 2. Fearing persecution in Kazakhstan, Petitioner crossed the U.S. border from Mexico seeking asylum. *Id.* On February 10, 2025, Petitioner received a credible fear interview with an asylum officer, resulting in a positive credible fear finding. Ret. at 2. On February 18, 2025, a Notice to Appear was filed and Petitioner was placed in INA § 240 removal proceedings. *Id.* On March 20, 2025, Petitioner filed an I-589 application for Asylum and Withholding of Removal. *Id.* In the past year, Petitioner's asylum proceedings have been repeatedly delayed. Ret. at 2; Pet. at 8–9. These delays have been due to changes in immigration judges, lack of an interpreter, and allowing additional time for Petitioner to seek attorney assistance. *Id.* Petitioner alleges that confinement has been "very difficult," "compounded by the fact that he has poor eyesight and has not been able to receive eyeglasses while detained." Pet. at 2. Petitioner alleges that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. Pet. at 6–9.

## LEGAL STANDARD

A federal prisoner challenging the execution of his or her sentence, rather than the legality of the sentence itself, may file a petition for writ of habeas corpus in the district of his confinement pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. § 2241(a). The sole judicial body able to review challenges to final orders of deportation, exclusion, or removal is the court of appeals. *See generally* 8 U.S.C. § 1252; *see also Alvarez–Barajas v. Gonzales*, 418 F.3d 1050, 1052 (9th Cir. 2005) (citing REAL ID Act, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)). However, for claims challenging ancillary or collateral issues arising independently from the removal process—for example, a claim of indefinite detention—federal habeas corpus jurisdiction remains in the district court. *Nadarajah v. Gonzales*, 443 F.3d 1069, 1076 (9th Cir. 2006), *abrogated on other grounds by Jennings v. Rodriguez*,

138 S. Ct. 830 (2018); *Alvarez v. Sessions*, 338 F. Supp. 3d 1042, 1048–49 (N.D. Cal. 2018) (citations omitted).

## DISCUSSION

"Neither the Ninth Circuit nor the Supreme Court have provided guidance regarding the point at which an immigration detainee's prolonged mandatory detention becomes unconstitutional." *Amado v. United States Dep't of Just.*, No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025). However, "[n]early all district courts that have considered [the constitutionality of prolonged mandatory detention] agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, will—at some point—violate the right to due process." *Singh v. Barr*, 400 F. Supp. 3d 1005 (S.D. Cal. 2019) (internal quotation marks and citations omitted) (cleaned up) (collecting cases). In determining whether detention has become unreasonable, courts evaluate factors including "the total length of detention to date, the likely duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government." *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). Some courts also consider the conditions of detention and the likelihood that the removal proceedings will result in a final order of removal. *See, e.g.*, *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *3 (S.D. Cal. Nov. 12, 2025).

The Court finds that Petitioner has established he is entitled to a bond hearing. Petitioner's length of detention, now over one year, without a bond hearing weighs in Petitioner's favor. Courts have found detention of similar lengths without a bond hearing weighs towards a finding that detention has become unreasonable. *See, e.g.*, *Guatam v. Corr. Corp of Am.*, No. 3:25-CV-3600-JES-DEB, 2026 WL 25846, at *4 (S.D. Cal. Jan. 5, 2026) (finding that one-year detention weighed in favor of granting a bond hearing); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (finding that eleven month detention without a bond hearing "absent meaningful rebuttal by [r]espondents" was unreasonable and violated due process). The length of detention therefore favors Petitioner.

As to the likely duration of future detention, Petitioner argues that he "has reason to anticipate significant future detention during his immigration proceedings" since the case has been continued multiple times at no fault of his own, and "regardless of the outcome of the proceedings, either side would have the opportunity to appeal the case" and a "BIA appeal itself can take months, and afterward, a petitioner may appeal to the Ninth Circuit." Pet. at 8 (citing *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1119 (W.D. Wash. 2019)). The Court agrees, since Respondents "cannot predict with any degree of confidence when [a] BIA appeal will be resolved." *Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020). Respondents argue only that Petitioner will receive a merits hearing on Petitioner's application for asylum on February 26, 2026, and that Respondents have not delayed removal proceedings. Ret. at 8. "While the Court cannot definitively determine the duration of petitioner's future detention, based on the current record, it appears likely petitioner will face many more months and potentially years in detention." *Babaveisi v. LaRose*, No. 25-cv-3746-GPC-SBC, 2026 WL 76565, at *6 (S.D. Cal. Jan. 9, 2026) (quoting *Belqasim v. Bostock*, No. 25-cv-1282-LK-TLF, 2025 WL 3466971, at *9 (W.D. Wash. Oct. 28, 2025)); *see also Abdul-Samed v. Warden of Golden State Annex Det. Facility*, No. 25-cv-98-SAB-HC, 2025 WL 2099343, at *7 (E.D. Cal. July 25, 2025) ("Although the Court recognizes that future events are difficult to predict, the Court nevertheless finds that in the event [p]etitioner's applications for relief from removal are denied, [p]etitioner's possible administrative appeal and judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of [p]etitioner."). Therefore, the likely duration of future detention weighs in Petitioner's favor.

Delay in removal proceedings is neutral since the record does not suggest delay by Respondents nor Petitioner. *See* generally Pet.; Ret. Further, considering the other factors, Petitioner has been denied access to glasses, causing him "frequent headaches and pain in his eyes," and Petitioner seeks asylum based on persecution due to his sexual identity. Pet. at 6. Balancing the discussed factors, the Court concludes that Petitioner's detention has become unreasonably prolonged, and therefore, Petitioner is entitled to a bond hearing.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's Amended Petition for a Writ of Habeas Corpus (ECF No. 5), and **ORDERS** Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released.  If no hearing occurs within fourteen days of this Order, Petitioner shall be released from Respondents' custody.  The Parties **SHALL** file a Joint Status Report by February 17, 2026, informing the Court of the outcome of the hearing.  As this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated:  January 26, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3744 JLS (MMP)