UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASKAR NAGIYEV,<br><br>                                   Petitioner,<br><br>v.<br><br>WARDEN, Otay Mesa Detention Center, et al.,<br><br>                                   Respondents. | Case No.:  25-CV-3744 JLS (MMP)<br><br>**ORDER DENYING BOND DENIAL RELIEF RE STATUS REPORT**<br><br>(ECF No. 17) |

Presently before the Court is Askar Nagiyev's Status Report Regarding Immigration Judge's Failure to Comply with Court's Order ("Rep.," ECF No. 17) and Supplemental Information ("Supp.," ECF No. 18).  Also before the Court is Respondents' Opposition to Petitioner's Status Report ("Opp'n," ECF No. 21).  For the reasons set forth below, the Court **DENIES** the relief requested in Petitioner's Status Report (ECF No. 17).

## BACKGROUND

Petitioner, a citizen of Kazakhstan, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since January 12, 2025, when he entered the United States.  ECF No. 5 ("Pet.") at 2.  Fearing persecution in Kazakhstan, Petitioner crossed the U.S. border from Mexico seeking asylum.  *Id.*  On

1

February 10, 2025, Petitioner received a credible fear interview with an asylum officer, resulting in a positive credible fear finding. ECF No 11 ("Ret.") at 2. On February 18, 2025, a Notice to Appear was filed and Petitioner was placed in INA § 240 removal proceedings. *Id.* On March 20, 2025, Petitioner filed an I-589 application for Asylum and Withholding of Removal. *Id.* In the past year, Petitioner's asylum proceedings have been repeatedly delayed. Ret. at 2; Pet. at 8–9. These delays have been due to changes in immigration judges, lack of an interpreter, and allowing additional time for Petitioner to seek attorney assistance. *Id.* On January 12, 2026, Petitioner filed his Amended Petition arguing that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. Pet. at 6–9.

On January 26, 2026, the Court granted Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 13, "Order") ordering "Respondents to provide Petitioner with an individualized bond hearing within <u>fourteen (14) days</u> before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released." Order at 5. On February 2, 2026, Petitioner timely received a bond hearing, during which the Immigration Judge ("IJ") denied bond, finding that Petitioner is a fight risk. Rep. at 2–3. Petitioner now brings a challenge to the IJ's denial of bond arguing that the "IJ's ruling is not in compliance with [the] Court's order to hold a constitutionally adequate bond hearing." *Id.* at 2. Petitioner also challenges the neutrality of Otay Mesa's IJs generally and requests the Court to immediately release Petitioner, hold its own bond hearing, or set new conditions for another bond hearing. *Id.* at 10–12.

## DISCUSSION

Petitioner argues that the IJ failed to comply with the Court's order to "hold a constitutionally adequate bond hearing" and that this is likely a result of "a recent trend" for IJs to deny bond based on flight risk due to their neutrality being compromised by the current administration. Rep. at 2. Respondents argue that the February 2, 2026, bond hearing transcript (ECF No. 18-1, "Transcript") "underscores rather than contradicts the

25-CV-3744 JLS (MMP)

premise that the IJ complied with [the] Court's order." Opp'n at 3. Respondents further argue that Petitioner fails to present data demonstrating the IJs in this district are compromised but rather his "evidence" consists of "news articles and irrelevant, unfounded 'observations' and 'opinions' regarding bond determinations in Virigina and Maryland, set forth in declarations replete with hearsay, speculation, and inadmissible opinion." *Id.* at 4. Finally, Respondents state the challenge fails because Petitioner has failed to exhaust his administrative remedies. *Id.* at 6. The Court agrees with Respondents.

## I.     Exhaustion

The Court concludes that Petitioner failed to exhaust his administrative remedies. "Exhaustion can be either statutorily or judicially required." *Acevedo-Carranza v. Ashcroft*, 371 F.3d 539, 541 (9th Cir. 2004). While 28 U.S.C. § 2241 "does not specifically require petitioners to exhaust direct appeals before filing petitions for habeas corpus," the Ninth Circuit "require[s], as a prudential matter, that habeas petitioners exhaust available judicial and administrative remedies before seeking relief under § 2241." *Castro-Cortez v. INS*, 239 F.3d 1037, 1047 (9th Cir. 2001), *abrogated on other grounds by*, *Fernandez-Vargas v. Gonzales*, 548 U.S. 30 (2006). Prudential exhaustion may be required if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2017) (quoting *Noriega-Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)).

"A noncitizen facing immigration proceedings is required to exhaust his administrative remedies by appealing to the BIA before seeking habeas review of an Immigration Judge's adverse bond determination." *Sharma v. Archambrault*, 26-CV-513-BAS-SBC, 2026 WL 381611, at *1 (S.D. Cal. Feb. 11, 2026) (citing *Leonardo v. Crawford*, 646 F.3d 1157 (9th Cir. 2011)). "When a petitioner does not exhaust administrative remedies, a district court ordinarily should either dismiss the petition without prejudice or

stay the proceedings until the petitioner has exhausted [their] remedies, unless exhaustion is excused." *Leonardo*, 646 F.3d at 1160. "[A] court may waive the prudential exhaustion requirement if 'administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.'" *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017) (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004)).

The Court agrees with Respondents that "the proper avenue for Petitioner's grievance with his bond denial is to utilize the administrative scheme and appeal his bond denial to the Board of Immigration Appeals (BIA)." Opp'n at 6. "The BIA clearly is empowered to reverse the Immigration Judge's determinations, including all of the errors Petitioner now alleges were made by the Immigration Judge." *Sharma*, 2026 WL 381611, at *2. Further, "the BIA is the subject-matter expert in immigration bond decisions." *Aden v. Nielsen*, No. C18-1441RSL, 2019 WL 5802013, at *2 (W.D. Wash. Nov. 7, 2019). The Court also agrees with Respondents that a waiver of exhaustion under these facts would encourage others to bypass the BIA and directly appeal from the immigration judge to the district court. Opp'n at 8; *see Aden*, 2019 WL 5802013, at *2 ("[R]elaxation of the exhaustion requirement would likely encourage other detainees to bypass the BIA and directly appeal their no-bond determinations from the IJ to federal district court.").

The Court follows other courts in this District and declines to waive the exhaustion requirement. Therefore, Petitioner has failed to exhaust his administrative remedies, and the present challenge is improper. *See Baker v. Gordon*, No. 25-CV-3539-CAB-SBC, ECF No. 8 at 2 (S.D. Cal. Jan. 30, 2026) ("As the Ninth Circuit has explained, '[Petitioner] pursued habeas review of the IJ's adverse bond determination before appealing to the BIA. This short cut was improper. [Petitioner] should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision.'" (quoting *Leonardo*, 646 F.3d at 1160)); *Sharma*, 2026 WL 381611, at *2 (declining to waive exhaustion in a similar challenge).

The Court is also unpersuaded by Petitioner's argument that IJs nationwide are compromised. Rep. at 3. "Although Petitioner presents some compelling statistics, the Court is not prepared to find that appeal to any BIA judge is necessarily futile." *Sharma*, 2026 WL 381611, at *2.

## II.    Due Process Challenge

Even if the Court were to waive exhaustion, the Court is not persuaded that the IJ violated the Court's previous Order. The IJ inquired about the burden of proof at the outset of the hearing, established that the government held the burden, considered all of the evidence submitted, and concluded that Petitioner was a significant flight risk due to his out-of-state, immigration shelter sponsor, lack of family ties to the United States, sporadic residence history over the last five years, prior visa denials, and ultimate entry into the United States despite multiple denials. Transcript at 4–7.

When assessing the constitutionality of immigration bond proceedings, the Court considers: (1) the private interest at stake, (2) the risk of erroneous deprivation under existing procedures, and (3) the government's interests and burdens. *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976). Applying the *Mathews* balancing test, it is clear Petitioner was not deprived of due process. *See id.* at 334–35. There is no evidence Petitioner's bond hearing was conducted in a matter that "[risked] the erroneous deprivation" of Petitioner's interest in being released from custody. *See id.* at 335. The government has a compelling interest in denying the release of an individual believed to pose a flight risk, and Petitioner fails to provide evidence of any procedural errors that could have infringed on his right to due process. Therefore, Petitioner's challenge also fails on these grounds.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

25-CV-3744 JLS (MMP)

**CONCLUSION**

Based on the foregoing, the Court **DENIES** the relief requested in Petitioner's Status Report (ECF No. 17) **WITHOUT PREJUDICE**. As this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: April 7, 2026

Hon. Janis L. Sammartino
United States District Judge

25-CV-3744 JLS (MMP)