UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ASKAR NAGIYEV,

Petitioner,

v.

WARDEN, Otay Mesa Detention Center, et al.,

Respondents.

Case No.: 25-CV-3744 JLS (MMP)

**ORDER DENYING PETITIONER'S PRO SE MOTION FOR RELIEF FROM JUDGMENT UNDER FED. R. CIV. P. 60(b)(6)**

(ECF No. 23)

Presently before the Court is Petitioner's Pro Se Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(6) ("Mot.," ECF No. 23). Having considered Petitioner's arguments and the law, the Court **DENIES** the Motion.

**BACKGROUND**

Petitioner, a citizen of Kazakhstan, alleges that he has been detained by the United States Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE") division at the Otay Mesa Detention Center since January 12, 2025, when he entered the United States. ECF No. 5 ("Pet.") at 2. Fearing persecution in Kazakhstan, Petitioner crossed the U.S. border from Mexico seeking asylum. *Id.* On February 10, 2025, Petitioner received a credible fear interview with an asylum officer, resulting in a positive credible fear finding. ECF No. 11 ("Ret.") at 2. On February 18,

2025, a Notice to Appear was filed and Petitioner was placed in INA § 240 removal proceedings. *Id.* On March 20, 2025, Petitioner filed an I-589 application for Asylum and Withholding of Removal. *Id.* On January 12, 2026, Petitioner filed an Amended Petition arguing that his continued detention without a bond hearing violates the Due Process Clause of the Fifth Amendment. Pet. at 6–9.

On January 26, 2026, the Court granted Petitioner's Amended Petition for Writ of Habeas Corpus ("Bond Order," ECF No. 13), ordering "Respondents to provide Petitioner with an individualized bond hearing within fourteen (14) days before a neutral immigration judge in which the government bears the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released." Bond Order at 5. On February 2, 2026, Petitioner timely received a bond hearing, during which the Immigration Judge ("IJ") denied bond, finding that Petitioner is a fight risk. ECF No. 17 at 2–3. Petitioner then brought a challenge to the IJ's denial of bond arguing that the "IJ's ruling is not in compliance with [the] Court's order to hold a constitutionally adequate bond hearing." *Id.* at 2. Petitioner also challenged the neutrality of Otay Mesa's IJs generally and requested the Court to immediately release Petitioner, hold its own bond hearing, or set new conditions for another bond hearing. *Id.* at 10–12.

On April 7, 2026, the Court denied Petitioner's challenge to his bond denial, declining to waive the exhaustion requirement and finding that the IJ applied the correct burden of proof and properly considered the submitted evidence. *See generally* ECF No. 22 ("Enforcement Order"). Specifically, the Court found that the IJ did not violate due process when denying Petitioner's bond, as the IJ found that Petitioner was a flight risk "due to his out-of-state, immigration shelter sponsor, lack of family ties to the United States, sporadic residence history over the last five years, prior visa denials, and ultimate entry into the United States despite multiple denials."[1] *Id.* at 5.

---

[1] Petitioner also filed another habeas petition challenging his bond denial which the Court summarily dismissed as duplicative. *See Nagiyev v. Warden*, No. 26-CV-2021-JLS-GC, ECF No. 14 (S.D. Cal. May 15, 2026).

On June 4, 2026, Petitioner filed the present Motion for Relief from Judgement under Federal Rule of Civil Procedure 60(b)(6). Mot. at 1. Petitioner argues that his court-appointed counsel "failed to raise tailored legal and factual arguments, resulting in a constructive abandonment of Petitioner's defense and manifest miscarriage of justice." *Id.* Petitioner alleges that his former counsel's use of "generalized news articles and declarations regarding entirely unrelated jurisdictions" resulted in an "evidentiary failure and non-exhaustion." *Id.* at 2. Petitioner further argues that the exhaustion requirement should be waived because he has been detained for seventeen months and is awaiting his appeal of his bond denial with the Board of Immigration Appeals. *Id.* at 3. Petitioner requests the Court to order another bond hearing. *Id.* at 4.

## LEGAL STANDARD

In the Southern District of California, a party may apply for reconsideration "[w]henever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part." S.D. Cal. CivLR 7.1(i)(1). The moving party must provide an affidavit setting forth, *inter alia*, "what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application." *Id.* "In resolving motions for reconsideration, courts often look to the standard for relief from final judgment set forth in Federal Rules of Civil Procedure 59(e) and 60(b), which apply to motions for reconsideration of final appealable orders and relief from judgment." *Evanston Ins. Co. v. Venture Point, LLC*, No. 20-CV-1783-KJD-EJY, 2021 WL 5500486, at *1 (D. Nev. Nov. 23, 2021).

"A district court may grant a Rule 59(e) motion if it 'is presented with newly discovered evidence, committed *clear error*, or if there is an intervening change in the controlling law.'" *Wood v. Ryan*, 759 F.3d 1117, 1121 (9th Cir. 2014) (internal quotation marks omitted) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)) (emphasis in original). "Clear error or manifest injustice occurs when the 'reviewing court on the entire record is left with the definite and firm conviction that a mistake has been committed.'" *Young v. Wolfe*, CV 07-03190 RSWL-AJWx, 2017 WL

2798497, at *5 (C.D. Cal. June 27, 2017) (quoting *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013)). The "Ninth Circuit has explained the clear error standard[:] 'To be clearly erroneous, a decision must strike us as more than just maybe or probably wrong; it must, as one member of this court recently stated during oral argument, strike us as wrong with the force of a five-week old, unrefrigerated dead fish.'" *Stanislaus Food Prod. Co. v. USS-POSCO Indus.*, No. 1:09-CV-00560-LJO, 2012 WL 6160468, at *3 n.2 (E.D. Cal. Dec. 11, 2012) (quoting *Fisher v. Roe*, 263 F.3d 906, 912 (9th Cir. 2001), *overruled on other grounds by Payton v. Woodford*, 346 F.3d 1204 (9th Cir. 2002)).

"The moving party under Rule 60(b) is entitled to relief from judgment for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment." *Am. Ironworks & Erectors, Inc. v. N. Am. Const. Corp.*, 248 F.3d 892, 899 (9th Cir. 2001) (citing Fed. R. Civ. P. 60(b)).

Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Ultimately, whether to grant or deny a motion for reconsideration is in the "sound discretion" of the district court. *Navajo Nation v. Norris*, 331 F.3d 1041, 1046 (9th Cir. 2003) (citing *Kona Enters.*, 229 F.3d at 883). A party may not raise new arguments or present new evidence if it could have reasonably raised them earlier. *Kona Enters.*, 229 F.3d at 890 (citing *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)).

## ANALYSIS

Petitioner asks the Court to reconsider its April 7, 2026, Order. Mot. at 1. Specifically, Petitioner asks the Court to follow other courts in this district and waive the prudential exhaustion requirement, find that the IJ abused her discretion, and order another

bond hearing or release. *Id.* at 3 (citing *Bayani v. LaRose*, No. 26-CV-266-JES-VET, ECF No. 19 (S.D. Cal. May 8, 2026)).

First, the Court notes that Petitioner is still represented by Jessica Agatstein with Federal Defenders. *See* Docket. However, the present filing appears to have been filed by Petitioner without assistance of counsel. *See generally* Mot. Represented parties may not make pro se filings unless their attorney of record has withdrawn, making Petitioner's Motion procedurally improper. *See* S.D. Cal. CivLR 83.3. However, the Court briefly addresses Petitioner's Motion.

Petitioner identifies a trend in the district to waive exhaustion in certain bond hearing challenges. *See* Mot. at 3. This Court, in recent cases, has also waived the exhaustion requirement based on irreparable harm. *See generally Yagoub v. Divver*, No. 26-CV-2233-JLS-JLB, ECF No. 14 (S.D. Cal. June 29, 2026); *Singh v. LaRose*, No. 26-CV-1425-JLS-GC, 2026 WL 1387428 (S.D. Cal. May 18, 2026). The Court finds that even if it were to now waive the exhaustion requirement in this case, Petitioner raises "the exact same arguments, facts[,] and case law" that this Court already considered, raising insufficient grounds to grant reconsideration. *See Wargnier v. Nat'l City Mortg. Inc.*, No. 09-CV-2721-GPC-BGS, 2013 WL 3810592, at *2 (S.D. Cal. July 22, 2013) (denying motion for reconsideration where the motion reflected the same arguments, facts, and case law that were previously considered and ruled upon by the court).

In the Court's Order, the Court considered, and ultimately rejected, Petitioner's due process arguments "[e]ven if the Court were to waive exhaustion." Enforcement Order at 5. The Court found, applying the *Matthews v. Eldridge*, 424 U.S. 319 (1976) balancing test, that the IJ did not violate due process. *Id.* Even upon application of the new evolving case law in this area, the Court still concludes that the IJ did not abuse her discretion in denying bond and sufficiently considered the *Guerra* factors. Specifically, the IJ considered Petitioner's "out-of-state, immigration shelter sponsor, lack of family ties to the United States, sporadic residence history over the last five years, prior visa denials, and ultimate entry into the United States despite multiple denials" and concluded that Petitioner

was a flight risk. *See id.* at 5; *Singh*, 2026 WL 1387428, at *5 (finding the IJ abused her discretion when there was no evidence that the IJ considered the *Guerra* factors) (citing *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)); *cf. Zhou v. Trump*, No. 25-CV-3503-JLS-DEB, 2026 WL 937125, at *3 (S.D. Cal. Apr. 7, 2026) (denying a bond hearing challenge when the record indicated the IJ applied the *Guerra* factors).

Petitioner has not raised any new arguments that would justify reconsideration in this matter. *See FTC v. Neovi, Inc.*, No. 06-CV-1952-JLS JMA, 2009 WL 56130, at *2 (S.D. Cal. Jan. 7, 2009) ("A motion for reconsideration is not an opportunity to renew arguments considered and rejected by the court, nor is it an opportunity for a party to re-argue a motion because it is dissatisfied with the original outcome." (quoting *Devinsky v. Kingsford*, No. 05 Civ.2064(PAC), 2008 WL 2704338, at *2 (S.D.N.Y. 2008), *aff'd*, 604 F.3d 1150 (9th Cir. 2010)).

Therefore, the Court finds that its previous Order did not result in clear error or manifest injustice, and Petitioner has not raised sufficient grounds to warrant reconsideration.

## CONCLUSION

In light of the foregoing, the Court **DENIES** Petitioner's Pro Se Motion for Relief from Judgment Under Fed. R. Civ. P. 60(b)(6) (ECF No. 23). The Court notes that Petitioner does not have pro se electronic filing privileges and therefore will be served by mail. This matter remains closed.

**IT IS SO ORDERED.**

Dated: August 7, 2026

Janis L. Sammartino

Hon. Janis L. Sammartino
United States District Judge